IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 11 C 738 |
| v. | ) | (03 CR 1101) |
| | ) | |
| MAURICE HARRISON, | ) | Suzanne B. Conlon, Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Maurice Harrison moves *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the motion is denied.

### I. Background

The following facts are taken from the Seventh Circuit's opinion on direct appeal from Harrison's conviction. *United States v. Harrison*, 431 F.3d 1007 (7th Cir. 2005). He was charged with distribution of more than 50 grams of cocaine base on July 17 and August 15, 2002. 21 U.S.C. § 841(a)(1). At trial, he presented an entrapment defense and stipulated that he distributed 63.4 and 62.3 grams of crack cocaine to a government informant in exchange for $1,500 on each of the dates charged. During the government's case in chief, Drug Enforcement Agency ("DEA") agents testified that the controlled drug buys were arranged after an informant identified Harrison as a drug dealer. The agents testified about the two transactions they observed, and the jury heard recordings of phone calls between Harrison and the informant

1

setting up the drug deals. The informant called Harrison to set up the July 17 buy, but Harrison contacted the informant about the August 15 buy.

Harrison testified he never sold drugs before. He agreed to provide the informant with drugs only after several conversations in which the informant, a childhood friend, told him he needed drugs to pay off a street gang. Harrison testified he knew a drug dealer who would sell drugs to him personally but would not sell directly to the informant. Harrison claimed he acted as a go-between, and did not receive any money from the deal. He testified that he gave the drug proceeds directly to the dealer. After the first drug transaction, the informant told Harrison the street gang wanted more drugs. Harrison testified that he initially refused to participate further, but he decided to buy more drugs for the informant out of fear for the informant's safety.

The government's rebuttal witness testified that he knew Harrison and purchased crack cocaine from him five times in 63-gram amounts. He stopped dealing with Harrison after he cheated him on a drug deal.

Harrison was acquitted on Count One, the July 17 transaction, but was convicted on Count Two, the August 15 transaction. At sentencing, his base offense level was 32 because he distributed 63 grams of crack cocaine. Sent. Tr. at 4; *see* U.S.S.G. § 2D1.1(c) (2003) (base offense level 32 applies when offense involves between 50 and 150 grams of crack cocaine). His conviction and sentence were upheld on appeal. However, *United States v. Booker*, 543 U.S. 220 (2005), was decided while the case was on appeal. A limited remand was ordered for this court to determine whether it would have imposed the same sentence under an advisory guidelines system. On remand, this court concluded it would have imposed the same sentence if the guidelines were advisory and not mandatory. Harrison's sentence was later lowered to 121

months' imprisonment under 18 U.S.C. § 3582 because the crack cocaine guideline was amended retroactively.

Harrison now alleges his trial and appellate counsel were ineffective.

## II. Analysis

Section 2255 provides relief to a federal prisoner whose sentence was imposed in violation of the federal constitution or laws, was imposed by a court without jurisdiction, exceeds the maximum authorized by law, or is otherwise subject to collateral attack. Harrison must assert in his motion all available grounds for relief and the facts supporting each ground. RULES GOVERNING SECTION 2255 PROCEEDINGS 2(b). Vague or conclusory allegations are insufficient. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).

Ineffective assistance of counsel may be a ground to vacate a sentence. *Strickland v. Washington*, 466 U.S. 668 (1984). Harrison must show his attorney's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *Id.* at 688, 694. Counsel is presumed effective. Harrison must overcome that presumption by identifying specific acts or omissions that were below the range of reasonable professional judgment. *Id.* at 690. Prejudice requires that he show a reasonable probability the result would have been different absent his attorney's errors. *Id.* at 694; *Johnson v. United States*, 604 F.3d 1016, 1019 (7th Cir. 2010). In the case of an alleged lack of preparation or failure to file motions, Harrison must identify the information that would have been uncovered with more investigation or the basis for unfiled motions at issue. *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). Trial and appellate counsel are not ineffective for failing to raise a nonmeritorious issue. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006).

## A. Pretrial Performance

Harrison claims his trial attorney failed to investigate the facts of his case, prepare a defense, or file any pretrial motions. However, he does not identify any facts an investigation would have revealed, how his attorney could have better prepared the defense (which succeeded as to one count), or the motions that should have been filed. Therefore, he has not shown prejudice.

Harrison contends his attorney failed to address the government's preindictment delay, preventing him from mounting a defense to the government's misconduct. The indictment was returned on November 19, 2003, fifteen months after the second drug transaction on August 15, 2002, but within the five-year statute of limitations. 18 U.S.C. § 3283(a). Due process may bar an otherwise timely prosecution if preindictment delay causes a violation of fundamental conceptions of justice. *United States v. Lovasco*, 431 U.S. 783, 790 (1977). Harrison has not shown prejudice. Beyond the general statement that the delay "obfuscat[ed] any defense to the government's malversation," Am. § 2255 Mot. at p. 5, he does not specify any information that became unavailable because of the lapse of time between the alleged drug transactions and his indictment.

## B. Trial Performance

Harrison contends a proposed jury instruction constructively amended the indictment, and his attorney was ineffective for not raising the issue. He apparently complains that although the indictment charges him with distributing "mixtures containing cocaine base," the jury instructions identify the controlled substance as "cocaine base or 'crack' cocaine." Dkt. Nos. 1 (indictment), 17 (jury instructions). This claim dovetails with his claim that his attorney was

4

ineffective for not objecting that "cocaine base" was enhanced at trial "to the more onerous form of 'crack cocaine.'" Am. § 2255 Mot. at p. 6. A constructive amendment occurs when "the permissible bases for conviction are broadened beyond those presented to the grand jury." *United States v. Pansier*, 576 F.3d 726, 735 (7th Cir. 2009) (internal quotation marks omitted). Crack cocaine is a specific mixture that contains cocaine base. For purposes of 21 U.S.C. § 841(a)(1), all mixtures that contain cocaine base are treated identically. *DePierre v. United States*, — S. Ct. —, No. 09-1533, 2011 WL 2224426 (U.S. Jun. 9, 2011) (describing substances containing cocaine base as crack cocaine, coca paste, and freebase, and distinguishing those substances from powder cocaine). The jury instruction did not vary from the indicted offenses.

Harrison argues his attorney should have objected to the government's cross-examination of him about the drug he distributed. Harrison does not specify why the questions were improper. Because he stipulated that the drug at issue was crack cocaine, he cannot show prejudice from cross-examination about the nature of the cocaine involved.

Harrison now contends his trial strategy of stipulating to the offense elements and relying on an entrapment defense were ill advised and inadequately executed. He argues his attorney instructed him to sign "an eleventh hour stipulation" ten minutes before trial even though his attorney had not investigated the case, researched the law, or reviewed the stipulations with him. Because of this advice, he complains that the jury heard the inflammatory stipulations. At trial, the government submitted evidence that included recordings of Harrison arranging the drug deals. DEA agents testified they witnessed the transactions. It was a reasonable strategy and not deficient performance to admit the offense and assert entrapment. These are reasonable strategic decisions not subject to collateral review. *Rodriguez v. United States*, 286 F.3d 972, 986 (7th

5

Cir. 2002). Harrison has not identified any other viable defense, nor does he claim the stipulated facts were untrue.

Harrison asserts that his attorney filed a "bare bone[s]" motion for acquittal and should have moved for acquittal at several other points in the trial. He does not identify a potential basis for acquittal or show that unspecified motions would have been successful. He has not shown prejudice.

Harrison raises several claims based on the informant not testifying at trial. He asserts the government presented inflammatory hearsay testimony and his Sixth Amendment right to confrontation was violated. He does not identify the testimony that was improper or point to specific statements by the informant that were asserted for their truth. If he is referring to his recorded conversations with the informant, his claim fails. The jury was instructed that the informant's statements on the recordings were offered only to provide context for Harrison's admissions, not for their truth. This use is permissible and does not implicate the Confrontation Clause. *United States v. Hicks*, 635 F.3d 1063, 1068–69 (7th Cir. 2011).

Harrison contends his attorney was ineffective for not impeaching government witnesses who provided contradictory facts and false testimony and for not moving to strike the testimony of the government's rebuttal witness about prior drug deals. He asserts the rebuttal witness's testimony was unsupported by either direct or circumstantial evidence and therefore this uncorroborated testimony was insufficient to prove his criminal predisposition. He fails to identify a basis for impeachment of the government's witnesses nor any contradictory facts. The rebuttal witness's personal knowledge of prior drug deals was sufficient foundation for his

testimony. FED. R. EVID. 602; *United States v. Snodgrass*, 635 F.3d 324, 329 (7th Cir. 2011). Corroborating evidence was unnecessary.

Harrison contends his attorney should have objected to a jury instruction about drug distribution or moved for a mistrial. The basis for this argument is unclear. Apparently, he argues the jury instructions were erroneous because the court directed the jury to find him guilty if all the elements of drug distribution were proven without taking into account the entrapment defense. However, the court informed the jury it must find beyond a reasonable doubt not only that the government had proven the elements of distribution but also that Harrison was not entrapped. The instructions were not erroneous.

## C. Sentencing Performance

Harrison contends his attorney did not explain the presentence investigation process to him, instructed him to participate in the investigation without legal advice, and then did not review the presentence report with him. These asserted failings do not provide Harrison relief because he has not asserted prejudice. He does not identify any missteps he made in the presentence investigation process. Indeed, he declined to discuss the offense with the probation officer, stating only that, "It was entrapment and I was set up." PSR at 2. Nor does he contend that any of the facts in the presentence report were untrue.

Harrison renews his contention that the form of cocaine was mischaracterized. He contends he should have been sentenced using the base offense level for powder cocaine, not crack cocaine, and his attorney was ineffective for not objecting to this error or filing a post-sentencing motion to correct the error. This contention lacks merit. Harrison stipulated and admitted at trial under oath that he distributed crack cocaine. Furthermore, as long as the

7

resulting sentence is within the statutory twenty-year maximum, the form of cocaine distributed is a fact the sentencing court may find. *United States v. Kelly*, 519 F.3d 355, 362–63 (7th Cir. 2008). Harrison's 151-month sentence, subsequently reduced to 121-months, were less than the permissible statutory maximum.

**D. Appeal**

Harrison raises several issues he contends his appellate attorney omitted from his appeal. His appellate attorney was not ineffective for failing to raise a constructive amendment argument or challenge the jury instructions because, as discussed above, the indictment was not constructively amended and the jury instructions were not defective. He also alleges appellate counsel should have appealed the court's denial of his motion for acquittal following the government's case in chief; he contends the government failed to present evidence of his predisposition to distribute cocaine. An appeal on this issue would have failed. Entrapment is an affirmative defense. The government was not required to present evidence about Harrison's predisposition to distribute cocaine until he had presented sufficient evidence to support an entrapment defense. *United States v. Millet*, 510 F.3d 668, 657–76 (7th Cir. 2007). The government appropriately waited until rebuttal to present evidence of his predisposition. He also contends appellate counsel should have challenged the rebuttal witness's testimony as propensity evidence, apparently under Fed. R. Evid. 404(b). Harrison presented an entrapment defense. He put his propensity to commit the crime into issue. *Hicks*, 635 F.3d at 1071–72 ("Evidence of prior convictions is admissible to prove predisposition in an entrapment case, but, again, the government may not introduce propensity evidence unless the defendant places the issue of entrapment into controversy").

Harrison contends his appellate attorney should have argued that the sentencing court overruled the jury's findings by conducting impermissible judicial factfinding and sentencing him for crack cocaine. For the reasons discussed above, this argument is baseless.

Finally, Harrison's argument that his appellate counsel was ineffective for not filing petitions for panel rehearing, for rehearing *en banc*, or for Supreme Court *certiorari* review is frivolous. There is no evidence that Harrison was not represented by counsel at a critical stage of the proceeding.

### E. Remaining Arguments

Harrison's remaining arguments are not couched as ineffective assistance of counsel. Instead, he asserts a Sixth Amendment violation because he was sentenced for crack cocaine rather than cocaine base, as allegedly found by the jury. For the reasons discussed above, this argument is frivolous.

### III. Conclusion

Harrison's § 2255 motion fails to show he was prejudiced by the many errors he ascribes to his trial and appellate counsel. His motion is denied, and the court declines to issue a certificate of appealability. Reasonable jurists would not debate that he fails to show prejudice, and he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

June 23, 2011